UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAN NGUYEN,<br><br>           Plaintiff,<br><br>ITAY SNOF[1], et al.<br><br>           Defendants. | No. 2:25-cv-01408-DJC-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATION |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint does not state a claim and fails to set forth a basis for federal jurisdiction. The Court recommends this action be dismissed without leave to amend. Plaintiff has additionally filed eleven other motions, including five motions for temporary restraining order, which are addressed herein.

////

////

---

[1] Plaintiff's handwriting is sometimes difficult to read and the docket sheet reads "ITAY SNDF", but it appears from Plaintiff's filings that this is an individual named Itay Snof.

1

I.  SCREENING

A.  <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff names five individual private defendants, including (1) Itay Snof, of Top Remodeling and Design, (2) a neighbor, (3) another individual, (4) a broker, and (5) an employee of a solar energy company. ECF No. 1 at 3. Plaintiff asserts there is federal question jurisdiction, and that her First, Sixth, and Fourteenth Amendment rights have been violated. *Id.* at 4. Plaintiff's "Statement of Claim" states that she needs to "be protected from privacy invasion, intrusion, and trespassers." *Id*. at 5. She mentions a "fraudulent lien" and that she needs to be able to complete her attached garage conversion. She makes a conclusory reference to "house damage and personal injury." *Id.* Plaintiff's complaint does not contain a clear relief requested section. Instead, the "Relief" portion of the complaint makes additional allegations, such as Defendant Luebcke "responds to undisclosed an unpermitted additional room," that Snof is a "defrauding contractor" who breached contract, and another defendant defrauded and deceived. *Id.* at 6.

Plaintiff attaches to the six-page complaint over 2,000 additional pages of documents. These exhibits are not referenced in the complaint. Many of these attachments appear to be pleadings and other documents from prior state court litigation.

C. Analysis

Plaintiff sued several of these same defendants, concerning apparently the same real estate dispute, in state court. As described by the California Court of Appeal:

> In October 2021, Nguyen purchased a home in Napa County with rooftop solar panels. The following year, she filed a lawsuit against real estate agent Luebcke, escrow officer Andi Frattini, appraiser David Danza, and Tesla Inc. (Tesla) employee Gilberto Klobekoski. The operative first amended complaint (complaint) asserted causes of action

3

for fraud and breach of contract against all defendants; it asserted claims for violating the disclosure obligations in Civil Code section 1102 et seq. and for breach of fiduciary duty against Luebcke, Frattini, and Danza. According to the complaint, a room advertised as "bonus" space was instead an "unpermitted smoking room," and information about the solar panels— including whether Nguyen was obligated to pay for the panels and whether Tesla agreed to maintain them—was not disclosed when she purchased the home.

*Nguyen v. Luebcke*, 2024 WL 1984579, *1 (Cal. Ct. App. May 6, 2024). In that action, the defendants' motion to dismiss was granted, and plaintiff was allowed leave to file a second amended complaint. When Plaintiff failed to do so, the action was dismissed with prejudice, and the Court of Appeal affirmed. In affirming the trial court's judgment, the court commented on Plaintiff's litigation practices:

> In closing, we note that in the last 20 months, Nguyen has—while self-represented—filed four appeals and 10 writ petitions in this court, all of which have been decided adversely to her. While this appeal was pending, Nguyen engaged in conduct that has burdened court staff: she filed unnecessary civil case information statements, multiple requests to augment the record, nearly 1,000 pages of exhibits, two petitions for writ relief, and numerous miscellaneous requests. She also attempted to file a 237-page opening brief that did not cite to the appellate record or contain intelligible legal argument. And she sent numerous emails to the clerks of this court.

*Nguyen*, 2024 WL 1984579, *3.

In an appeal this year, the California Court of Appeal declared Plaintiff to be a vexatious litigant: "on our own motion after having issued an order to show cause, we conclude Nguyen is a vexatious litigant. We therefore impose a prefiling order prohibiting her from filing new litigation in the courts of this state in propria persona without first obtaining permission from the presiding judge or justice where the litigation is proposed to be filed Plaintiff's complaint does not set forth a valid basis for federal jurisdiction." *Nguyen v. Harsaghy*, 2025 WL 354017, *1 (Cal. Ct. App. Jan. 31, 2025).

Plaintiff has now switched forums to federal court, but is engaging in the same vexatious litigation tactics. Plaintiff attached 2,000 pages to the complaint she filed on May 19, 2025. In the first ten days the action was pending, Plaintiff filed 12 motions. Some of the motions were repetitive, such as filing five motions for temporary restraining order. Some of the motions were

legally frivolous, such as the "motion requesting an exemption of res judicata." ECF No. 8.

Plaintiff's action appears to be a state court matter. Although her complaint is unclear, she complains of something to do with home remodeling or construction and she makes allegations of fraud or deception—as she did in her prior state litigation. All of the Defendants have addresses in California, and Plaintiff does not allege diversity of citizenship jurisdiction. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship" where "the citizenship of each plaintiff is diverse from the citizenship of each defendant."). There are no factual allegations to support the conclusory contention that Plaintiff's First, Sixth, and Fourteenth Amendment rights were violated. Even if Plaintiff could plead such facts, and was pursuing a claim under 42 U.S.C. § 1983, all of the Defendants appear to be private actors. No Defendant is alleged to be a state or local government employee.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). A plaintiff alleging a claim under § 1983 must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Generally, private parties are not acting under color of state law. *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (noting that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes).

A federal court may dismiss a federal question claim for lack of subject matter jurisdiction if: "(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012). The Court finds here that Plaintiff has not alleged a basis for federal jurisdiction. Her only reference to federal law is to the Constitution, but none of the Defendants are alleged to be state actors and some of the constitutional provisions are clearly inapplicable, such as Plaintiff's reference to the Sixth Amendment. The Sixth Amendment provides rights to criminal defendants. Plaintiff does not allege she was a defendant in a criminal proceeding. Plaintiff also

5

1  makes reference to the False Claims Act in her jurisdictional statement, but she refers to sections
2  12650 to 12656, a reference to a California state statute.
3      The complaint fails to state a claim and does not establish a basis for federal jurisdiction.
4  Additionally, Plaintiff sues five individuals: 1) Itay Snof; 2) Russell Moulder; 3) Erin Harsaghy;
5  4) Gilberto Klobukoski; and 5) Kathryn Luebcke.  ECF No. 1 at 2-3.  Plaintiff sued some of these
6  same Defendants in her California state lawsuit, in which the claims were dismissed with
7  prejudice.  *See Nguyen*, 2024 WL 1984579.  To the extent the action arises from the same
8  common nucleus of operative fact as the prior action, and involves the same claims and parties,
9  those claims are barred by res judicata.
10     The doctrine of res judicata provides that a final judgment on the merits bars further claims by
11 parties or their privies based on the same cause of action.  *See Tahoe-Sierra Pres. Council, Inc. v.*
12 *Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  The doctrine of res judicata, also
13 known as claim preclusion, is applicable when there is (1) an identity of claims; (2) a final judgment
14 on the merits; and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*,
15 244 F.3d 708, 713 (9th Cir. 2001).  When the doctrine applies, it "'bar(s) all grounds for recovery
16 which could have been asserted, whether they were or not in a prior suit between the same parties …"
17 *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (*quoting Ross v. IBEW*, 634
18 F.2d 453, 457 (9th Cir. 1980)).  In addressing whether res judicata applies, the court evaluates
19 whether the claims asserted "arise out of the same transactional nucleus of facts" as the prior action.
20 *See id.* at 1202 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)).  A court may sua sponte
21 dismiss an action based on the doctrine of res judicata, even though the doctrine is normally raised as
22 an affirmative defense.  *See Arizona v. California*, 530 U.S. 392, 412 (2000).
23     The prior lawsuit involved factual allegations concerning the 2021 purchase of home, and the
24 complaint therein alleged "a room advertised as a 'bonus' space was instead an 'unpermitted smoking
25 room,' and information about the solar panels—including whether Nguyen was obligated to pay for
26 the panels" and who agreed to maintain them, was not disclosed. *Nguyen*, 2024 WL 1984579, *1.
27 The factual allegations of the instant complaint are sparse, however the allegations do include "an
28 unpermitted additional room" and mention of the solar roof panels.  Plaintiff also attaches to her

6

instant complaint hundreds of pages of filings from the state court action, indicating the two lawsuits arise from same common nucleus of operative facts. While it appears that the instant action should be dismissed on the basis of res judicata, the Court need not conclusively determine whether that doctrine applies, because the complaint fails to establish federal subject matter jurisdiction.

## II.  AMENDING THE COMPLAINT

The Court has considered whether Plaintiff should be granted leave to amend. The Court has liberally construed Plaintiff's pro se complaint and considered that generally pro se litigants are given an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). However, in this case, amendment would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."). The Court has also considered that Plaintiff previously litigated these claims so extensively in state court she was declared a vexatious litigant. And in *Nguyen v. Luebcke*, 2024 WL 1984579, she was given leave to file a second amended complaint, but instead of doing so "she filed at least seven separate pleadings totaling 850 pages." *Id.* at *2. The Court concludes leave to amend is inappropriate.

## III.  PLAINTIFF'S PENDING MOTIONS

In the less than two weeks this action has been pending, Plaintiff has filed twelve motions. If adopted, the undersigned's recommendation that this case be dismissed for lack of jurisdiction and without leave to amend would render Plaintiff's other motions moot. In any event, a court without jurisdiction cannot grant motions seeking substantive relief. Accordingly, the undersigned also recommends that all of Plaintiff's pending motions be denied.

////

IV.  CONCLUSION

Plaintiff fails to state a claim and her complaint does not establish a basis for subject matter jurisdiction.  Plaintiff filed the action after several unsuccessful lawsuits in state court and being declared a vexatious litigant in state court.  The Court recommends the action be dismissed for lack of jurisdiction.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

**IT IS FURTHER RECOMMENDED THAT**:

1. Plaintiff's complaint be DISMISSED without leave to amend;
2. All remaining motions (ECF Nos. 3 thru 13) be DENIED as moot and for lack of jurisdiction; and
3. The Clerk be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: May 30, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE